IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASTARTE DAVIS-RICE,            ) | No. C 06-2791  MMC (PR) |
|                               ) | |
| Petitioner,     ) | **ORDER OF DISMISSAL** |
|                               ) | |
| v.                            ) | |
|                               ) | |
| SCHELIA A. CLARK,              ) | |
|                               ) | |
| Respondent.    ) | |
| _____ ) | |

On April 24, 2006, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On the same date, the Clerk notified petitioner in writing that the action was deficient due to her failure to pay the filing fee or, alternatively, to submit a signed and completed court-approved in forma pauperis ("IFP") application. Along with said notice, the Court sent to petitioner copies of the Court's IFP application, a stamped return envelope, and instructions for completing the application, including a certificate of funds signed by an authorized prison official and a trust account statement showing transactions for the last six months. Petitioner was advised that failure to pay the filing fee or to file a completed IFP application, including the certificate of funds and trust account statement, within thirty days, would result in dismissal of the action. To date, petitioner has not paid the filing fee or submitted an IFP application.

The Court received a letter from petitioner stating that "the filing fee request has been turned over to my counselor Mr. Rivas." The letter is not sworn nor is it accompanied by any

documentary proof that such a request was made.  Moreover, simply turning over a request to prison authorities does not satisfy petitioner's obligation under the deficiency notice to ensure that either the filing fee is paid or that a completed IFP application is filed.  As the deadline has passed for compliance with the deficiency notice, and petitioner has not completed the IFP application, paid the filing fee, or shown cause why she could not do so, the above-titled action is hereby DISMISSED without prejudice to petitioner's refiling her claims in a new action in which she either pays the filing fee or files a completed IFP application.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: June 14, 2006

_____
MAXINE M. CHESNEY
United States District Judge